UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN NORCUTT,

        Petitioner,

v.                                Case Number: 08-CV-14888
                                Honorable John Corbett O'Meara

C. ZYCH,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Justin Norcutt, a federal prisoner at the Federal Correctional Institution

(FCI) in Milan, Michigan, has filed a *pro se* petition for the writ of habeas corpus under 28

U.S.C. § 2241.  Petitioner pleaded guilty to manufacturing methamphetamines in violation of 21

U.S.C. § 841(a)(1).  On January 24, 2002, Petitioner was sentenced by the United States District

Court for the District of Montana, Helena Division, to a 156-month term of imprisonment and

five-years of supervised release.  In his pleadings, Petitioner challenges the administration of the

Bureau of Prisons' (BOPs') Residential Drug Abuse Program (RDAP).  The Court finds no merit

in Petitioner's claims.  Therefore, for the reasons set forth below, the Court denies the petition.

**I.  Background**

      Petitioner was convicted and sentenced as stated above.  Pursuant to the Federal Bureau

of Prisons Inmate Locator web site, Petitioner's projected release date is September 26, 2012.

On April 27, 2008, Petitioner filed a request for an administrative remedy, stating that he was

being denied consideration for a sentence reduction for "future participation and completion of

the RDAP, and in the event that this is denied, that he be provided with a detailed written

explanation as to why he is not eligible for consideration of a sentence reduction under said

statute." (Request for Administrative Remedy, attachment 2 to Respondent's Response.)  The

Warden's response to Petitioner's request, dated May 21, 2008, stated:

> Inmates are screened for the program based upon their projected release date
> (PRD) in relation to the projected release dates of all other inmates requesting a
> screening interview.  We are currently screening inmates with PRD's up to July
> of 2008.  Your PRD of September 26, 2012, places you further down the list.
> There are one hundred sixty-nine inmates with PRD's earlier than yours awaiting
> their screening interview.  When the time arrives for you to be screened for the
> program, you will be evaluated for 3612e release eligibility.

(BP-229 Response, attachment 2 to Respondent's Response.)

Petitioner appealed that decision to the Region, contending that the Warden had

misconstrued his request.  Rather, it was Petitioner's position that the staff had told him that,

even if he were accepted into the RDAP program and completed it successfully, he would not be

eligible for a one-year reduction in his prison term because his sentence had included an

enhancement for possession of a weapon.  The Regional Director's response was that a

determination of his provisional eligibility for early release would not be made until he was

interviewed for the RDAP, thereby affirming the Warden's response.  Petitioner subsequently

appealed the Region's decision to the National Inmate Appeals Board, which affirmed the

decision on September 17, 2008.

Petitioner filed the pending petition for writ of habeas corpus on November 21, 2008.

Respondent urges the Court to dismiss the petition either because this Court lacks jurisdiction,

or, even if this Court has jurisdiction under § 2241, Petitioner has not suffered any injury and his

claims are therefore not ripe for adjudication.  Respondent also argues that even if this Court

determines that it has jurisdiction, then the petition should nevertheless be dismissed because

"Congress specifically provided in 18 U.S.C. § 3625 that the 'provisions of sections 554 and 555 and 701 through 706 of [T]itle 5 [of the] United States Code[] do not apply to the making of any determination, decision, or order under this subchapter.'"  (Respondent's Brief, p. 10.)

Based on the current state of the law dealing with this issue, the Court has jurisdiction to review Petitioner's claims.  *Perez v. Hemingway*, 157 F.Supp.2d 790, 793 (E.D. Mich. 2001) (holding that successful completion of a drug and alcohol treatment program is not a prerequisite to a federal inmate seeking judicial review of a BOP's determination of prospective eligibility for sentence reduction under 3621(e)(2)(B)).  The Court will therefore proceed to address Petitioner's claims on the merits.

## II.  Discussion

### A.  Violation of the Administrative Procedure Act Claim

Petitioner challenges the BOPs' authority to deny him early-release eligibility under 18 U.S.C. § 3621(e)(2)(B).  Petitioner's argument is based on  *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), which held that 28 C.F.R. § 550.58 violated the Administrative Procedure Act (APA) because it failed to articulate a rationale for excluding a class of nonviolent offenders – those whose offenses involved firearms–from eligibility for early release.  *Id.* at 1116.  Other courts, however, have declined to follow *Arrington*, including at least two in this district, on the basis that it is inconsistent with the Untied States Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230, 242 (2001).  *See Sinclair v. Eichenlaub* No. 07-CV-12967, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008) (Battani, J.); *Riopelle v. Eichenlaub*, No. 08-CV-11754, 2008 WL 2949236 (E.D. Mich. July 29, 2008) (Zatkoff, J.).

## 1. Relevant Statutory Provisions

Pursuant to 18 U.S.C. § 3621(b)(5), the Bureau of Prisons must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  As an incentive for successful participation in the program, the statute provides:

> **(B) Period of custody.** –The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Section 3621 does not define "nonviolent offense."  The Bureau of Prisons attempted to fill this gap by promulgating 28 C.F.R. § 550.58, which reads in relevant part:

> An inmate who was sentenced to a term of imprisonment . . . for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> > (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> > > * * *
>
> (vi) Inmates whose current offense is a felony:
>
> > > * * *
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) . . . .

28 C.F.R. § 550.58(a)(1)(vi)(B).

-4-

One of the Bureau's Program Statements provides that prisoners whose offenses of conviction involved the carrying, possession, or use of firearms were precluded from receiving early release.  The Program Statement identified specific offenses that, at the discretion of the BOPs' director, would preclude an inmate from receiving early release.  Program Statement 5162.04, p. 8-18 (Oct. 9, 1997).  Included in that listing is a conviction under 12 U.S.C. § 841(a) in which an enhancement for possession of a dangerous weapon has been applied as a specific offense characteristic.  *Id.* at 11-13.

Pursuant to 18 U.S.C. § 3621(b), the BOPs created the RDAP.  28 C.F.R. § 550.50 *et. seq.*  The RDAP is divided into three phases.  If the inmate successfully completes all three phases of the RDAP, he or she may be eligible to have his or her sentence reduced by up to one-year under 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58.  Because by statute and by regulation and by BOPs' Program Statements an inmate must be found to have "a treatable condition of substance addiction or abuse," the inmate is required to apply for admission to the RDAP.  18 U.S.C. § 3621(b)(5); 28 C.F.R. §550.58(a)(1)(vi)(B); Program Statement 5162.04, p. 8-18 (Oct. 9, 1997).  However, determining whether an inmate is eligible for the up to one-year reduction in his or her sentence is a separate process.  28 C.F.R. § 550.58.  One of the several disqualifying criterion for a sentence reduction is whether the inmate has been convicted of any of the disqualifying felonies.  28 C.F.R. § 550.58(a)(iv) and (vi).

## B.  Application

In *Lopez v. Davis*, 531 U.S. 230, 242 (2001), the United States Supreme Court held that 28 C.F.R. § 550.58 "is a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)" and that the Bureau may categorically exclude prisoners from program benefits

-5-

based on their pre-conviction conduct. *Id.* at 233, 242-44. Lopez was convicted of a drug offense but his sentence was enhanced because he possessed a firearm in connection with the offense. The Bureau of Prisons found Lopez ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) because Lopez's offense was a felony that involved the carrying, possession, or use of a firearm. The Supreme Court stated that "[t]he Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early[-]release decision." *Id.* at 244.

Petitioner maintains that 28 C.F.R. § 550.58 is an invalid regulation, and relies on *Arrington*, *supra*, for support. In *Arrington*, the Ninth Circuit held that the Bureau's promulgation of 28 C.F.R. § 550.58(a)(1)(vi)(B) was arbitrary and capricious. *Arrington*, 516 F.3d at 1116. The *Arrington* Court stated that the Bureau had failed to articulate a rationale in the administrative record for excluding a class of nonviolent offenders from eligibility for early release. *Id.* The district court had found two rational bases for the Bureau's categorical decision: "(1) the increased risk that offenders with convictions involving firearms might pose to the public and (2) the need for uniformity in the application of the eligibility regulation." *Arrington*, 516 F.3d at 1113. The Ninth Circuit, however, determined that the first rationale (threat to the public safety) was absent from the administrative record and that the second rationale (the need for uniformity in applying the regulation) did not justify the Bureau's action even though the Bureau articulated the rationale in the administrative record. *Arrington*, 516 F.3d at 1113. The Ninth Circuit concluded that the Bureau's regulation was invalid under the APA. *Id.*

-6-

The *Arrington* Court determined that its holding was not foreclosed by the Supreme Court's decision in *Lopez* or by its own decision in *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000), because neither case addressed the issue of whether the Bureau complied with § 706 of the APA when promulgating its regulation. According to the Ninth Circuit, *Lopez* and *Bowen* were concerned with whether the Bureau had the authority or discretion to exclude certain inmates from eligibility under 18 U.S.C. § 3621(e)(2)(B), not whether the Bureau's exercise of that authority or discretion complied with the APA's procedural requirements. *Arrington*, 516 F.3d at 1116.

"To date, no court outside the Ninth Circuit has followed *Arrington*," and "[m]ost courts have rejected *Arrington* as contrary to *Lopez v. Davis.*" *Serrano v. Berkebile*, No. 3-08-CV-1587-K, 2009 WL 81017, at 2 (N.D. Tex. Jan. 9, 2009) (unpublished). The Sixth Circuit, moreover, has stated that *Lopez* controls decisions in cases like Petitioner's, even if the Supreme Court did not address whether the Bureau's actions were arbitrary. *See Harrison v. Lamanna*, 19 Fed. Appx. 342, 2001 WL 1136080, 1 (6th Cir. Sept. 18, 2001) (unpublished). In reaching that conclusion, the Sixth Circuit noted that the Supreme Court held in *Lopez* that it was reasonable for the Bureau of Prisons to prevent an inmate from attaining early release if the inmate's crime was related to firearms. Thus, the Sixth Circuit implicitly found that the Bureau did not abuse its discretion in promulgating 28 C.F.R. § 550.58. *Id.*

Furthermore, at least one court has found that the Bureau's rationales for promulgating 28 C.F.R. § 550.58(a)(1)(vi)(B) are reasonably discernible from the administrative record. *See Muolo v. Quintana*, --- F.Supp.2d ----, ----, 2009 WL 82491, at 9-10 (W.D. Pa. Jan. 8, 2009). As

noted, those rationales are (1) the increased risk that felons with firearm convictions might pose to the public and (2) uniformity in the application of the Bureau's policies. *Id.* at 9.

Although the *Arrington* Court acknowledged that the Bureau articulated the second rationale (the need for uniformity) in the administrative record, it nevertheless rejected that rationale because the Bureau could have accomplished uniformity in other ways and because the Bureau failed to explain its decision to categorically exclude, rather than include, certain inmates in its determination of eligibility. By not accepting the Bureau's rationale for its regulation, "the Ninth Circuit substituted its judgment for that of the agency," something that it may not do. *Minotti v. Whitehead*, 584 F.Supp.2d 750, 765 (D.Md. 2008). Moreover, as explained in *Minotti*,

> The legislative history behind § 3621 explicitly notes that "[s]ubstance abuse treatment for prison inmates is a powerful tool for reducing recidivism, easing prison overcrowding, and ultimately preventing crime." H.R.Rep. No. 320, 103 Cong., 1st Sess., 1993 WL 537335, at 4 (1993). In amending § 3621(e)(2)(B), the House Report noted that the amendment "authorizes the BOP to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and uniformly applied by the BOP." *Id.* at 7. * * * Taken in context, the BOP[s'] concern about uniformity in application is not arbitrary or capricious but rather is the consequence of its fidelity to Congress's mandate. The connection between firearms, drug offenses, and violence is fully supported by the language of the statute, *Lopez*, and just plain common sense. Accordingly, the BOP[s'] explanation for its interpretative rule is neither arbitrary nor capricious, but rather was manifestly correct.

*Id.* (emphasis and alterations in original). *See also Gatewood v. Outlaw*, No. 08-CV-00054, 2008 WL 2002650 (E.D. Ark. May 8, 2008) (reasoning that the Ninth Circuit wrongly discounted the Supreme Court's holding in *Lopez* when it considered whether the regulation was substantively reasonable); *Neal v. Grondolsky*, No. 08-2477, 2008 WL 4186901 (D.N.J. Sept. 9, 2008) (disagreeing with *Arrington* and finding that *Lopez* "directly controls the claim that this

-8-

challenged regulation, which is identical to the 1997 interim regulation at issue in *Lopez*,"
violates the APA).

Petitioner also relies on *Hobbs v. Hemingway*, No. 04-CV-70678 (E.D. Mich. July 16,
2004) for additional support. However, the regulation involved in *Hobbs* is a different version of
the regulation at issue in this case. *Hobbs* dealt with an interim version of the regulation
promulgated in 1997. Therefore *Hobbs* is inapposite to Petitioner's case.

Against that backdrop, the Court finds that Petitioner is not entitled to habeas relief
regarding this claim.

### C.  Equal Protection Claim

Petitioner also alleges an equal protection violation on the basis that the BOP is bound to
follow the law of the circuit and apply the rule of *Arrington* to prisoners whose custodians are
located within the Ninth Circuit but does not afford the benefit of that rule to prisoners housed
anywhere else in the country.

In order to state an equal protection claim based on discriminatory acts, a petitioner must
allege that a state actor intentionally discriminated against him or her because of his or her
membership in a protected class. *King v. Caruso*, 542 F.Supp.2d 703, 727 (E.D. Mich. 2008)
(citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990)). Moreover, conclusory
allegations of unconstitutional conduct are insufficient to state a claim. *Lillard v. Shelby County
Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996). "'[U]nless a classification trammels fundamental
personal rights or is drawn upon inherently suspect distinctions such as race, religion, or
alienage, our decisions presume the constitutionality of the statutory discriminations and require
only that the classification challenged be rationally related to a legitimate state interest.'" *Wilson*

*v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) (quoting *City of New Orleans v. Dukes*, 427 U.S. 297 (1976)).  Moreover, prisoners are not considered members of a protected class.  *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005).

Accordingly, to be in violation of the Constitution, unequal enforcement of the laws must be based upon race, religion, or some other arbitrary classification and there must be an affirmative showing of clear and intentional discrimination.  Here, the Court finds that the enforcement of *Arrington* is limited to the Ninth Circuit.

Against that backdrop, this Court finds that Petitioner is not entitled to habeas corpus relief regarding his equal protection claim.

### III.  Conclusion

The Court concludes that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date:  March 2, 2009


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 2, 2009, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager

-10-